UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

All in Production, LLP,

        Plaintiff,

v.

Federated Sports & Gaming, Inc.,
and Federated Heartland, Inc.

        Defendants.

COURT FILE NO.: _____

## COMPLAINT

Plaintiff All In Production, LLP ("Plaintiff"), for its complaint against defendants Federated Sports & Gaming, Inc. ("FS&G"), and Federated Heartland, Inc. ("FHI") (collectively, "Defendants"), states and alleges as follows:

**Nature of the Action**

1. This is an action to collect amounts due under a promissory note executed by Defendants in favor of Plaintiff, and to enforce Plaintiff's security interest in collateral given to secure payment of the promissory note. This action is brought pursuant to the articles on Commercial Paper and Secured Transactions set forth in the Uniform Commercial Code as enacted in North Dakota, N.D.C.C. Chapters 41-03 and 41-09, and Rule 64 of the Federal Rules of Civil Procedure.[1]

---

[1] Plaintiff believes that North Dakota's version of the Uniform Commercial Code applies. To the extent Minnesota law applies, Minnesota's version of the Uniform Commercial Code is not substantially different.

1

## The Parties

2.  Plaintiff is a North Dakota limited liability partnership with its registered office located in Fargo, North Dakota. Plaintiff's partners, Greg Lang ("Lang") and Todd Anderson ("Anderson"), are individuals who reside in Cass County, North Dakota, and Clay County, Minnesota, respectively.

3.  FS&G is a Delaware corporation with its principal office located in Chevy Chase, Maryland.

4.  FHI is a Delaware corporation with its principal office located in Chevy Chase, Maryland. FHI is a wholly owned subsidiary of FS&G.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  The Court has personal jurisdiction over FS&G because FS&G has, by itself or through its subsidiary FHI, transacted business in this district with Plaintiff, including the transaction and occurrences that give rise to this action.

7.  The Court has personal jurisdiction over FHI because FHI has transacted business in this district with Plaintiff, including the transaction and occurrences that give rise to this action.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district

and a substantial part of the property that is the subject of this action is situated in this district.

## Background

9. Defendants executed and delivered to Plaintiff a Senior Secured Promissory Note (the "Note") dated June 10, 2011, in the original principal amount of $2,950,000. A copy of the Note is attached to this complaint as **Exhibit A**.

10. To secure payment of the Note, FHI executed and delivered to Plaintiff a Security Agreement dated June 10, 2011, pursuant to which FHI granted Plaintiff a security interest in substantially all of FHI's assets (the "Collateral"). A copy of the Security Agreement is attached to this complaint as **Exhibit B**.

11. Plaintiff filed a UCC-1 financing statement to perfect its security interest in the Collateral, a copy of which is attached to this complaint as **Exhibit C**.

12. The Note required Defendants to make payment of $1,000,000 in accrued interest and principal by September 30, 2011 (the "First Payment Date"). (Ex. A, § 3.1; *see id.*, § 1.) Defendants are in default under the Note because they failed to make the payment when due. The default has continued for more than 5 business days. (Ex. A, § 6(b).) As a result, Plaintiff exercised its option under the Note to provide notice (the "Notice") to FS&G declaring that the Note is immediately due and payable. (Ex. A, § 7.1(b).) A copy of the Notice is attached as **Exhibit D** to this Agreement.

13. As of October 19, 2011, Defendants owe Plaintiff $3,002,938.41 under the Note, comprising principal of $2,950,000 and interest of $52,938.41 based on the 5% interest rate set forth in the Note. (Ex. A, § 1.) Interest continues to accrue after October

19, 2011, at the rate of $404.11 per day until the Note is paid in full. In addition, Defendants owe Plaintiff its attorney fees and costs incurred with respect to this matter, as provided under the Note and the Security Agreement. (Ex. A, § 7.4; Ex. B, § 5.1.)

14. Pursuant to the Security Agreement, Defendants' default under the Note, in addition to all rights and remedies provided under the Note or N.D.C.C. Chapter 41-09 and any other applicable law, entitles Plaintiff to:

(a) require (FHI) to assemble the Collateral at a place designated by [Plaintiff] [that] is reasonably convenient to the parties;

(b) take physical possession of the Inventory and other tangible Collateral, and [FHI's] records pertaining to all Collateral that are necessary to properly administer and control the Collateral for handling and collection of the Collateral, and sell, lease or otherwise dispose of the Collateral in whole or in part, at public or private sale, on or off the premises of Grantor;

(c) collect any and all money due or to become due and enforce in [FHI's] name all rights with respect to the Collateral;

(d) settle, adjust or compromise any dispute with respect to any Account; and

(e) on behalf of [FHI], endorse checks, notes, drafts, money orders, instruments or other evidences of payment.

(Ex. B, § 4.2.)

## COUNT I
### Promissory Note

15. Plaintiff restates and realleges paragraphs 1 through 14 herein.

16. Based on the foregoing, Plaintiff is entitled to bring this action pursuant to the following statutory authorities: N.D.C.C. § 41-03-49, providing that the issuer of a promissory note is obliged to pay the instrument according to its terms; N.D.C.C. § 41-03-30(2)(b), providing that a promissory note becomes overdue the day after its due date;

4

1873712v2

and N.D.C.C. § 41-03-18(1), providing that an action to enforce and collect a promissory note may be commenced at any time within six years after the due date.

17.    Defendants owe to Plaintiff on the Note the principal sum of $2,950,000.00, plus accrued interest through October 19, 2011, of $52,938.41, based on the 5% interest rate set forth in the Note, and interest at the rate of $404.11 per day until the Note is paid in full.

## COUNT II
## Security Agreement

18.    Plaintiff restates and realleges paragraphs 1 through 17 herein.

19.    The Security Agreement describes as Collateral the following property and types of property: all personal properties and personal assets of Grantor, wherever located, whether tangible or intangible, and whether now owned or hereafter acquired or arising, including without limitation:

- (a)    all Inventory and documents relating to Inventory;
- (b)    all Accounts and documents relating to Accounts;
- (c)    all equipment, fixtures and other goods, including without limitation, machinery, trade fixtures and furniture;
- (d)    all general intangibles (including without limitation payment intangibles, software, customer lists, sales records and other business records, contract rights, causes of action, and licenses, permits, franchises, patents, copyrights, trademarks, and goodwill of the business in which the trademark is used, trade names, or rights to any of the foregoing), promissory notes, contract rights, chattel paper, documents, letter-of-credit rights and instruments;
- (e)    all motor vehicles;
- (f)    all deposit accounts;

(g) all commercial tort claims; and

(h) all additions and accessions to, all spare and repair parts, special tools, equipment and replacements for, and all supporting obligations, proceeds and products of, any and all of the foregoing assets described in Sections (a) through (h), inclusive, above.

20. The Security Agreement is in default by reason of Defendants' failure to make payment when due under the Note secured by the Security Agreement and pursuant to N.D.C.C. § 41-09-11 providing that a security agreement is effective according to its terms between the parties.

21. Because of the default, Plaintiff has the right to exercise its remedies under the Security Agreement and/or North Dakota's version of the Uniform Commercial Code and other applicable laws, and these remedies include but are not limited to the right of Plaintiff to take possession of the secured collateral and sell or otherwise dispose of the same with application of the proceeds of sale or disposition to be applied to the expenses of taking the collateral and readying it for sale, and then against the debt owed by Defendant to Plaintiff, pursuant to N.D.C.C. 41-09-98 through 41-09-123, providing for procedure on default, collection rights of a secured party, the secured party's right to take possession after default, and secured party's right to sell or dispose of collateral and the method of application of proceeds.

## COUNT III
### Emergency Repossession Relief

22. Plaintiff restates and realleges paragraphs 1 through 21 herein.

23. Plaintiff reserves its right to seek emergency and interim relief, if the circumstances warrant, including self help or extra judicial seizure of collateral pursuant

to N.D.C.C. § 41-09-106; claim and delivery pursuant to N.D.C.C. Chapter 32-07; a warrant to seize personal property pursuant to N.D.C.C. Chapter 32-20, attachment pursuant to N.D.C.C. Chapter 32-08.1, or such other procedures as are available under North Dakota and other applicable law for interim or emergency seizure of collateral pending final judgment on the merits.

WHEREFORE, Plaintiff prays for relief as follows:

a.   On Count One, judgment against Defendants for the full amount of the Note, principal of $2,950,000.00, accrued interest through October 19, 2011 of $52,938.41 at the interest rate set forth in the Note of 5%, and interest at the rate of $404.11 per day after October 19, 2011;

b.   On Count Two, judgment against Defendants permitting Plaintiff to take possession of all secured collateral, with or without the aid of the Sheriff or other appropriate law enforcement authorities, and to dispose of same under the Uniform Commercial Code as enacted in North Dakota and other applicable law, with application of the net proceeds, after deduction for expenses of taking possession and sale or other disposition expenses, as a credit on the money judgment herein sought;

c.   On Count Three, for such emergency repossession and other interim relief as is warranted under the circumstances of this case, prior to a trial on the merits;

d.   In addition to the foregoing, judgment for Plaintiff for its costs, disbursements, and attorney fees, as provided under the Note and the Security Agreement, incurred herein; and

e.   For such other and further relief as the Court deems just and equitable.

Dated this 21st day of October, 2011

        MOSS & BARNETT
        A Professional Association

        s/ James R. Bedell
          James R. Bedell (MN Bar No. 351544)
        4800 Wells Fargo Center
        90 South 7th Street
        Minneapolis, MN 55402-4129
        Telephone: (612) 877-5000
        Fax: (612) 877-5999
        E-mail: BedellJ@moss-barnett.com
        ATTORNEY FOR PLAINTIFF